# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

|                          |     |                         |
|--------------------------|-----|-------------------------|
| CALVIN McCLAIN,          | )   |                         |
|                          | )   |                         |
|    Plaintiff,  | )   |                         |
|                          | )   |                         |
| v.                       | )   | Case No. CV410-261      |
|                          | )   |                         |
| STEPHANIE DAVIS NELSON,  | )   |                         |
| et al.,                  | )   |                         |
|                          | )   |                         |
|    Defendants. | )   |                         |

## REPORT AND RECOMMENDATION

Inmate Calvin McClain has filed another 42 U.S.C. § 1983 case.
Doc. 1. The Court previously granted his motion for leave to proceed *in
forma pauperis* (IFP). Doc. 2. Public records reveal that he had filed
four prior civil rights cases.[1] Yet, he only disclosed one of them when he
answered Question 1(B) on the civil complaint form, which asked "[w]hile
incarcerated in any facility, have you brought any lawsuits in federal court
which deal with facts other than those involved in this action?" McClain

---

[1] *McClain v. Thompson*, CV108-159, doc. 1 (M.D. Ga. filed Nov. 28, 2008) (still
pending); *McClain v. Lacey*, CV203-149, doc. 31 (S.D. Ga. Feb. 2, 2005) (section 1983
case dismissed on the merits); *McClain v. Perry*, CV207-072 (S.D. Ga. Sep. 7, 2007)
(dismissed for failure to state a claim); *McClain v. Yancey*, CV294-089, doc. 6 (S.D. Ga.
July 12, 1994) (dismissed without prejudice for failure to amend complaint).

only disclosed *McClain v. Thompson*, CV108-159, doc. 1 (M.D. Ga. filed Nov. 28, 2008).

He also answered "No" to Question 1(C), which asked him whether he suffered any dismissals in IFP actions "on the ground that [such were] frivolous, malicious, or failed to state a claim?" As noted *supra,* n. 1, that is simply not true. These omissions are especially significant because serial filers who seek IFP status must surmount 28 U.S.C. § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on *3 or more prior occasions*, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

McClain's incentive to omit prior case information was strong because of the § 1915(g) three-strike bar. The Court therefore ordered him to show cause why this case should not be dismissed for lying on his complaint. Doc. 6. In response, he insists (within a "Motion to Correct Complaint, " doc. 8) that he

mistakenly answered Question (C) wrong by answering 'no.' Reasons: (A) Plaintiff had no records of cases. (B) Do no[t] have access to public records. (C) D.O.C. instructed plaintiff to mail out legal materials and or destroyed it; (D) plaintiff simply did not know how to answer the question.

Doc. 8 at 1. The remainder of his response goes to furthering his desired "do-over" -- this time supplying the missing cases -- coupled with irrelevant background explanation about what became of them (but not denying that they were filed, nor dismissed as stated in note 1 *supra*). For good measure, he moves for appointment of counsel to assist him in this task and with his case in general. Doc. 9.

The Court rejects McClain's explanation. Even if he no longer had access to the older lawsuit documents, he surely retained some personal memory of them, and nothing stopped him from truthfully telling the Court that prior lawsuits *existed* and beckon the Court to look them up. *See Shelton v. Rohrs*, 2010 WL 5122580 at * 1 (11th Cir. Dec. 15, 2010) (upholding dismissal for misleading the court and noting that "[e]ven if Shelton did not have access to his materials, he would have known that he filed multiple previous lawsuits"). Instead, plaintiff chose to remain silent. Again, he faced the three-strikes bar so he had an incentive to

conveniently "forget about them" and, once caught, has chosen to quibble

and dissemble.  As previously explained in a similar case:

> Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed.2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by ... the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 2010 WL 2170970 at *1 (11th Cir. June 1, 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).

*Kelly v. Prison Health Serv.*, 2010 WL 3667027 at * 1 (S.D. Ga. Sept. 15,

2010).

While a prisoner's pro se pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court is sanctionable conduct and undermines the administration of justice. The Court is of the opinion that McClain, in bad faith, attempted to mislead the Court as to his filing history, and thus an appropriate sanction is to dismiss his claim without prejudice (thus, he incurs another § 1915(g) strike) and to warn him that such false responses will not be tolerated and may result in more severe and long-term sanctions in the future. For that matter, no one needs a lawyer to "advise" them tell the truth.

Accordingly, plaintiff Calvin McClain's "Motion to Correct Complaint," doc. 8, along with his motion for appointment of counsel, doc. 9, is **DENIED** and his case should be **DISMISSED WITHOUT PREJUDICE**, under 28 U.S.C. § 1915(e)(2)(B)(i), for abuse of judicial process. *See Shelton*, 2010 WL 5122580 at * 1. This dismissal counts as another 28 U.S.C. § 1915(g) strike against him.

**SO REPORTED AND RECOMMENDED** this __3rd__ day of

February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA